No. 764. MORSE ET AL. v. BOSWELL ET AL. C. A. 4th Cir. Certiorari denied. *Fred Okrand* and *Elsbeth Levy Bothe* for petitioners. *Solicitor General Griswold, Assistant Attorney General Weisl,* and *Morton Hollander* for respondents.

MR. JUSTICE DOUGLAS, dissenting.

When this case was before us earlier on an application for a stay, I filed a dissenting opinion, *ante,* p. 802, indicating that the issues to be presented on the petition for certiorari were at least in part substantial.

Some of the enlistment contracts with which we deal provide that these reservists agree to active duty in "time of war or of national emergency declared by Congress," as provided in 10 U. S. C. § 672. That section calls for active duty "[i]n time of war or of national emergency declared by Congress, or when otherwise authorized by law." And see 10 U. S. C. § 673.

The call-up was pursuant to a 1966 Act, 80 Stat. 981, 10 U. S. C. § 263 n. (1964 ed., Supp. III), which authorized the President to activate any unit of the Reserve for a period not to exceed 24 months.

There has been no declaration of a national emergency either by Congress or by the President.

There has been no declaration of war by the Congress.

How then can 10 U. S. C. § 672 and the enlistment contracts be dishonored?

The only answer given is that the phrase "when otherwise authorized by law" contained in 10 U. S. C. § 672 covers all future laws that may be passed.

That phrase, as I understand it, refers to existing law, not to any law that may be passed. Mr. Justice Holmes

said as much in *United States* v. *Dalcour,* 203 U. S. 408, 421. In that case the words were "otherwise provided by law" and he said:

> "These words must be taken to refer to existing provisions and not to be merely a futile permission to future legislatures to make a change."

The meaning must of course depend on the precise setting of the phrase. It does real violence to reason and to morality to read § 672 as an open-end power to change any promise willy-nilly. As I indicated in my dissent when the stay was before us, the phrase "when otherwise authorized by law" has meaning when construed as referring to existing law alone. See *ante,* at 808–809, and n. 17.

When we allow it a more expanded meaning as embracing all future laws passed, we become an agency for helping to create an awesome credibility gap.

We should construe laws as fulfilling, not breaking, promises made by this all-powerful government to its citizens, unless no alternative is open to us.

The alternative is plain: to apply the 1966 Act to all enlistment contracts that do not contain the solemn promise that active duty starts only on a declaration of war or a declaration of a national emergency.

This case should be set for argument.